## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4038 | **DATE** | 8/19/2008 |
| **CASE TITLE** | Ward v. Astrue | | |

**DOCKET ENTRY TEXT:**

Petitioner Ward's petition to proceed *in forma pauperis* is denied without prejudice.

■[ For further details see text below.]      Docketing to mail notices.

### STATEMENT

     Petitioner Richard Ward ("Ward") seeks leave to file *in forma pauperis* his complaint against Michael J. Astrue, the Commissioner of the Social Security Administration.

     Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court determines whether the complaint is frivolous. *Denton v. Hernandez*, 540 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324.

     The Court finds that Ward has failed to demonstrate sufficiently that he is impoverished within the meaning of the statute. Ward failed to answer several important questions on his affidavit. First, although Ward answered "no" to the question of whether he was currently employed, he failed to state the date of his last employment, the name and address of his last employer or the amount he was paid at his last job. He failed to answer the question as to the amount of salary or wages he has received in the last twelve months. He failed to answer the question as to the amount he received in the last twelve months from pensions, social security, annuities, life insurance, disability, workers' compensation, unemployment, welfare, alimony or maintenance or child support. He failed to state whether he or anyone in his household has more than $200 in cash or in a savings account. The Court doubts the omissions were inadvertant.

     Because the Court cannot determine whether Ward is sufficiently impoverished within the meaning of the statute, the Court denies Ward's petition to proceed *in forma pauperis*. This denial is without prejudice to Ward's right to refile his petition with a completely-answered affidavit.

**STATEMENT**

(Ward should note that his complaint will not be deemed "filed" for purposes of the statute of limitations until he has paid the filing fee. *See Humphries v. CBOCS West, Inc.*, 343 F. Supp.2d 670, 672-673 (N.D. Ill. 2004). Although the statute of limitations is tolled during the period of time the Court was considering plaintiff's petition to proceed *in forma pauperis*, the statute of limitations resumes running upon the date the plaintiff receives notification that the petition has been denied. *Humphries*, 343 F. Supp.2d at 673.)